WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Kevin Lewis Hobson,<br><br>    Plaintiff,<br><br>v.<br><br>Robert McDonald, et al.,<br><br>    Defendants. | No. CV-16-02545-PHX-ESW<br><br>**ORDER** |

Pending before the Court is pro se Plaintiff Kevin Lewis Hobson's Request for Appointment of Attorney (Doc. 4). Pursuant to 28 U.S.C. § 1915(e)(2), the Court finds that Plaintiff has not satisfied the pleading requirements of the Federal Rules of Civil Procedure and fails to state a cause of action. The Court will (i) deny Plaintiff's Request for Appointment of Attorney (Doc. 4), (ii) dismiss the Amended Complaint (Doc. 5) without prejudice, and (iii) grant Plaintiff leave to file a Second Amended Complaint consistent with the findings the Court sets forth herein.

## I. DISCUSSION

### A. Request for Appointment of Attorney (Doc. 4)

Plaintiff requests the appointment of counsel. There is no constitutional right to the appointment of counsel in a civil case. *See Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991); *Ivey v. Bd of Regents of the Univ. of Alaska*, 673 F.2d 266, 269 (9th Cir. 1982). "However, a court may under 'exceptional circumstances' appoint

counsel for indigent civil litigants pursuant to 28 U.S.C. § 1915(e)(1)." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (quoting *Agyeman v. Coors. Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004)). "When determining whether 'exceptional circumstances' exist, a court must consider 'the likelihood of success on the merits as well as the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" *Palmer*, 560 F.3d at 970 (quoting *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983)); *see also Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). "Neither of these considerations is dispositive and instead must be viewed together." *Palmer*, 560 F3.d at 970 (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

Plaintiff has not demonstrated a likelihood of success on the merits, nor is he unable to present his arguments to the Court. Plaintiff has not shown that exceptional circumstances are present that would require the appointment of counsel in this case. The Court will deny the Request for Appointment of Attorney (Doc. 4).

**B. Amended Complaint (Doc. 5)**

    **1. Statutory Screening of In Forma Pauperis Complaint Pursuant to 28 U.S.C. § 1915(e)(2)**

The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2); *Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" a court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29. The standards governing pleadings are summarized as follows.

A pleading must contain a "short and plain statement of the claim showing that the

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id*. at 681. But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a pro se litigant] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id*. (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

### 2. The Amended Complaint Fails to State a Claim

Plaintiff attempts to bring an employment discrimination claim against the Secretary of the Department of Veteran Affairs under Title VII of the Civil Rights Act of 1964 ("Title VII"), as codified at 42 U.S.C. §§ 2000e to 2000e-17, as well as the Americans with Disability Act of 1990 ("ADA"), as codified at 42 U.S.C. §§ 12112-12117. The Amended Complaint supersedes the original Complaint; therefore, the Court treats the original Complaint as nonexistent in reviewing Plaintiff's claims. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

### i. Title VII Claim

To proceed with a Title VII claim, Plaintiff must show that he filed a lawsuit within ninety days of receiving each right-to-sue notice pursuant to 42 U.S.C. § 2000e-5(f)(1) and 29 C.F.R. § 1601.28(e). In addition, an EEOC claim must itself be filed within 300 days after the alleged unlawful employment practice occurred. 42 U.S.C.§ 2000e-5(e)(1).

In the Amended Complaint, Plaintiff alleges "Failure to hire me; Retaliation; Other (specify) USERRA." (Doc. 5 at 2-3). Plaintiff does not allege when the alleged unlawful employment practices occurred or facts which describe what actually occurred beyond the conclusory statement "Did not hire, hired no blacks . . . [h]ired white and latios [sic] . . . [h]ired non-veterans over veterans . . . . " (*Id*. at 3). Plaintiff indicates that he filed his charge with the EEOC on June 4, 2008. (*Id*. at 4). Plaintiff writes a single quotation mark in the blank intended for disclosure of the date on which the EEOC issued a Notice of Right to Sue Letter. (*Id*.). The use of a single quotation mark in the form Amended Complaint is ambiguous. Plaintiff has failed to attach to the Amended Complaint his Notice of Right to Sue Letter(s) from the Equal Employment Opportunity Commission ("EEOC") as required by law. Other than Plaintiff's allegation that the acts of the Defendant are ongoing, the Court is unable to determine how, when, where, and by whom the alleged unlawful employment practices occurred or when the Notice of Right to Sue Letter was received as required for asserting a Title VII violation. The Court therefore finds that Plaintiff has failed to state a Title VII claim.

### ii. ADA Claim

Plaintiff also attempts to bring an employment discrimination claim against the Secretary of the Department of Veteran Affairs under the ADA. To establish a prima facie case of employment discrimination under the ADA, a plaintiff must demonstrate that "(1) he is disabled within the meaning of the ADA; (2) he is a qualified individual able to perform the essential functions of the job with reasonable accommodation; and (3) he suffered an adverse employment action because of his disability." *Samper v.*

1  *Providence St. Vincent Med. Ctr.*, 675 F.3d 1233, 1237 (9th Cir. 2012) (quoting *Allen v. Pac. Bell*, 348 F.3d 1113, 1114 (9th Cir. 2003)).  A "qualified individual" is "an individual who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8).  A person suffers from a disability if he or she:  "(1) has a physical or mental impairment that substantially limits one or more of the individual's major life activities; (2) has a record of such an impairment; or (3) is regarded as having such an impairment." *Coons v. Secretary of U.S. Dept. of Treasury*, 383 F.3d 879, 884 (9th Cir. 2004) (citing *Deppe v. United Airlines*, 217 F.3d 1262, 1265 (9th Cir. 2000)); *see also* 42 U.S.C. § 12102(2); 29 C.F.R. § 1630.2(g).  A "major life activity" includes such activities as "caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." *Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1010 (9th Cir. 2007) (quoting *Bragdon v. Abbott*, 524 U.S. 624, 638 (1998)).

Plaintiff sets forth no facts in support of his ADA claim in his Amended Complaint.  The Court finds that Plaintiff has failed to state an ADA claim.

### iii.  USERRA Claim

Finally, Plaintiff also references "USERRA" in his Amended Complaint. The Uniformed Services Employment and Reemployment Rights Act of 1994 ("USERRA") is codified at 38 U.S.C. §§ 4301-4335.  USERRA prohibits an employer from discriminating against an individual on the basis of membership in the armed forces.  38 U.S.C. §§ 4301(a)(3), 4311(a).  "An employer violates USERRA if an employee's membership or obligation for service in the military is a motivating factor in an employer's adverse employment action taken against the employee, unless the employer can prove that the action would have been taken in the absence of such membership or obligation." *Townsend v. University of Alaska*, 543 F. 3d 478, 482 (9th Cir. 2008) (citing *Leisek v. Brightwood Corp.*, 278 F. 3d 895, 898 (9th Cir. 2002) and 38 U.S.C. § 4311(c)(1)).  Like Title VII and the ADA, USERRA authorizes private suits for damages or injunctive relief against an employer.  38 U.S.C. §§ 4303(4)(A), 4323(a)(3), (b)(2)-(3).

The Plaintiff has alleged no facts in support of a cause of action under USERRA other than the statement "Hired non-veterans over veterans, violations of USERRA." (Doc. 5 at 3).  Thus, Plaintiff has failed to state a claim under USERRA.

### 3.  Leave to Amend

For the foregoing reasons, Plaintiff's Amended Complaint will be dismissed for failure to state a claim upon which relief may be granted.  Within 30 days, Plaintiff may submit a second amended complaint to cure the deficiencies outlined above.  Plaintiff must clearly designate on the face of the document that it is the "Second Amended Complaint."

A second amended complaint supersedes the amended complaint.  *Ferdik*, 963 F.2d at 1262; *Hal Roach Studios v. Richard Feiner & Co.,* 896 F.2d 1542, 1546 (9th Cir. 1990).  After amendment, the Court will treat both the original Complaint (Doc. 3) and Amended Complaint (Doc. 5) as nonexistent.  *Ferdik*, 963 F.2d at 1262.  Any cause of action that was raised in the Amended Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a second amended complaint.  *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).  If Plaintiff files a second amended complaint, Plaintiff must write short, plain statements telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the Defendant who violated the right; (3) exactly what that Defendant did or failed to do; (4) how the action or inaction of that Defendant is connected to the violation of Plaintiff's constitutional right; and (5) what specific injury Plaintiff suffered because of that Defendant's conduct.  *See Rizzo*, 423 U.S. at 377.  Plaintiff must repeat this process for each person or entity he names as a Defendant. If Plaintiff fails to affirmatively link the conduct of each named Defendant with the specific injury suffered by Plaintiff, the allegations against that Defendant will be dismissed for failure to state a claim. Conclusory allegations that a Defendant has violated a constitutional right are not acceptable and will be dismissed.

Plaintiff must also allege subject matter jurisdiction by either showing his claim involves a controversy between citizens of different states, and the amount in controversy exceeds $75,000, or a question of federal law, identifying the specific claim and what statute applies, if any.  In addition, Plaintiff must address the deficiencies identified in Section I(B)(2) above. **If Plaintiff fails to timely comply with every provision of this Order, the Court may dismiss this action without further notice.** *See Ferdik*, 963 F.2d at 1260-61 (a district court may dismiss an action for failure to comply with any order of the Court).

## II. CONCLUSION

In conclusion, Plaintiff's claims fail because he does not allege facts sufficient to state claims against the named Defendant for which relief may be granted.  Nor has Plaintiff set forth facts sufficient for the Court to find that the claims alleged are timely filed.  Therefore,

**IT IS ORDERED** that Plaintiff's Amended Complaint (Doc. 5 ) is dismissed with permission to file a Second Amended Complaint no later than October 13, 2016.

**IT IS FURTHER ORDERED** that if Plaintiff does not file a Second Amended Complaint by October 13, 2016, the Clerk shall dismiss this action with prejudice without further Order of this Court.

**IT IS FURTHER ORDERED** that if Plaintiff elects to file a Second Amended Complaint, he shall not serve it on Defendant until and unless the Court screens the Second Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2).  If and when the Court gives Plaintiff leave to serve a Second Amended Complaint, Plaintiff shall be responsible for service and may do so by request for waiver under Federal Rule of Civil Procedure 4.

**IT IS FURTHER ORDERED** denying Plaintiff's Request for Appointment of Attorney (Doc. 4).

Dated this 13th day of September, 2016.

_____
Eileen S. Willett
United States Magistrate Judge